**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Efren Vargas-Hernandez, | No. 21-1116 |
| Petitioner, | Agency No.    A095-289-407 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 28, 2023[**]
San Francisco, California

Before: M. SMITH and OWENS, Circuit Judges, and RODRIGUEZ,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

1

Efren Vargas-Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his motion to reopen removal proceedings.

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). As the parties are familiar with the facts, we do not recount them here. We deny in part and dismiss in part the petition.

The BIA did not abuse its discretion in denying Vargas-Hernandez's petition to reopen to seek protection under the Convention Against Torture on the basis that Vargas-Hernandez had not established a prima facie case of eligibility for protection because he established only a speculative fear that the kidnapping of his brother-in-law would lead to his own torture by gangs in Mexico. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021).

We lack jurisdiction to review the agency's decision to deny reopening the case as to asylum and withholding relief because Vargas-Hernandez did not challenge the IJ's finding that his controlled substance convictions are prima facie "particularly serious crimes" before the BIA and the issue is therefore unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that exhaustion is mandatory and jurisdictional under 8 U.S.C. § 1252(d)(1)).

**PETITION DENIED in part; DISMISSED in part.**

2